IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

| | | |
|---|---|---|
| **JOHN L. RYDER, Reciever for** | ) | |
| **FIRST AMERICAN MONETARY** | ) | |
| **CONSULTANTS, INC., FAMC PM, LLC** | ) | |
| **And INFORMATION RADIO NETWORK,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| VS. | ) | No. 2:15-cv-2526-JPM-cgc |
| | ) | |
| | ) | |
| **LARRY C. BATES, BARBARA B. BATES** | ) | |
| **CHARLES E. BATES, ROBERT L. BATES** | ) | |
| **and KINSEY B. BATES,** | ) | |
| | ) | |
| **Defendants** | ) | |

## ORDER DENYING RECIEVER'S MOTION FOR SANCTIONS AGAINST DEFENDANTS LARRY BATES AND BARBARA BATES

Before the Court, by way of Order of Reference (D.E. # 42) is the December 9, 2015 Motion for Sanctions Against Defendants Larry Bates and Barbara Bates filed by the Receiver. For the following reasons, the motion is **DENIED**.

The Receiver moves for sanctions against Defendants Larry Bates and Barbara Bates pursuant to Fed. R. Civ. P. 11(b) and 12 and 28 U.S.C.§ 1927 and the Court's inherent authority for persisting in filing documents with the court which do not address the issue at hand, repeat arguments that have been dismissed.

On November 10, 2015, counsel for the Receiver sent a safe harbor letter to Larry Bates and Barbara Bates urging the Bares to cease repeating arguments regarding the pre-judgment attachment such as those made in 2:11-cv-1396 at D.E. # 513, 514, 521, 530, 531 and 548 and filings that "impugn the integrity of the Receiver, his counsel and Plaintiffs' counsel." (2:11-cv-

1369, D.E. # 549, Exhibit A). Despite this warning, Larry Bates and Barbara Bates filed at D.E. # 40 a document styled "Response of Defendants Larry Bates and Barbara Bates to Court's Order to Respond under Rule 8(b) and Motion to Return Property to Defendants Due to Unlawful Attachment." The Receiver requests that the document filed at D.E. # 40 be stricken as redundant, immaterial, impertinent and scandalous as it reiterates allegations made against the Receiver and arguments made in filings in Orlowski et al v. Bates et al, 2:11-cv-1396-JPM-cgc. A hearing on this motion was held on January 11, 2016 after notice to the parties. In attendance were Laura Martin, counsel for the Receiver, Amber Griffin Shaw, counsel for the Plaintiffs, Larry Bates, *pro se* Defendant and Barbara Bates, *pro se* Defendant.

On September 29, 2015, Larry Bates and Barbara Bates filed a document styled "Defendants Larry Bates and Barbara Bates Response to the Receiver's First Complaint and Response to Receiver's Motion for Default Judgement (sic) and a Motion by Defendants Larry Bates and Barbara Bates to Dismiss Prejudgement (sic) Attachment Orders of August 6, 2015 and August 7, 2015 and for Sanctions Against Receiver and Receiver's Law Firm , Amber Shaw and Her Law Firm." (D.E. # 27). Upon motion of the Receiver, U.S. District Judge McCalla entered an order striking D.E. # 27, finding that the Bates' "assertion that they have been denied access to their records … is unsupported by any of the facts alleged in their filing," that the Bates' allegations focusing on the behavior of the parties and attorneys in the Orlowski case are "irrelevant, immaterial and impertinent to the instant matter" and that "based on the Court's previous determination that these allegations are unfounded, their reassertion in the instant matter is unfairly prejudicial to the Receiver." (D.E. # 38, pages 5-6)

Despite the clear order of Judge McCalla, Larry Bates and Barbara Bates persist in repeating the arguments about an inability to access documents and making untoward comments about the Receiver, his counsel and Plaintiffs' counsel[1]  For example, in docket entry 27, Larry Bates and Barbara Bates state

> "Since said seizure, Defendants have been *denied access to their records and files necessary to properly answer Receiver's motions and defend against other actions filed in this Court.*"

In docket entry 40, Larry Bates and Barbara Bates state

> "On August 10, 2015, Ryder and plaintiffs attorneys served those unlawful orders with the assistance of the US Marshal's service, and defendants Larry Bates and Barbara Bates were removed from their home and left with the clothes on their backs and have been *denied access to their records and personal papers including legal files and records necessary to defend against the pending court actions*. … To the date of this filing, Defendants Larry Bates and Barbara Bates have been proceeding without counsel and are proceeding pro se.  The Court has directed the Defendants to do the impossible by ordering a response under 8(b) FRCP by December 8, 2015, *when this Court has refused them access to their personal papers, records and legal files to comply with such a directive.*"

(emphasis added in both excerpts)  Continuing this argument flies directly contrary to District Judge McCalla's Order.

Title 28 United States Code section 1927 provides that any attorney practicing before the district court who engages in conduct that unreasonably and vexatiously multiplies the proceedings in a case may personally be required to pay excess costs, expenses and attorneys' fees that were incurred because of the conduct. To impose liability under the statute, there must be bad faith, and the conduct must be egregious.  Also, by the clear language of the statute, the

---

[1] Larry Bates and Barbara Bates also repeated the argument regarding the pre-judgment attachment in D.E. # 40.  At the December 14, 2015 hearing in the Orlowski case regarding the Motion of Receiver for Contempt and Sanctions (D.E. # 512), District Judge McCalla entertained and took under advisement the issue raised by Larry Bates regarding the pre-judgment attachment.  As such, the undersigned will not address the propriety of that argument with regard to this motion.

3

penalty is to be applied to "an attorney". As Larry Bates and Barbara Bates are proceeding *pro se,* the statute would not apply to them. *See*, <u>Li v. Recellular, Inc.</u>, 2010 WL 15236379, *8 (E.D. Mich. April 16, 2010).

A second basis for sanctions offered is Fed. R. Civ. P. 11(b) which provides that:

> "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or *unrepresented party* (emphasis added) certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation,
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

When deciding whether to impose Rule 11 sanctions, courts are directed by the Sixth Circuit to consider "whether an individual's conduct was reasonable under the circumstances." <u>Union Planters Bank v. L & J Dev. Co.</u>, 115 F.3d 378, 384 (6th Cir. 1997). The Advisory Committee Notes for the rule lists factors for the court to consider when deciding whether or not to impose sanctions. The factors include,

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

4

At this point, the actions taken by Larry Bates and Barbara Bates do not appear to rise to the level of egregiousness as contemplated by the Rule. However, Larry Bates and Barbara Bates are counseled that their filings in this case are to be focused on either supporting whatever motion they are filing or on responding directly to the specific matters addressed in the motion that they are responding to. As the District Court has already ruled with regard to the conduct of the Receiver, his counsel and Plaintiffs' counsel in this case, further comment along those lines may be deemed irrelevant, impertinent and immaterial and may subject Larry Bates and Barbara Bates to sanctions for disregard of the Court's orders and violation of the rules of civil procedure.

IT IS SO ORDERED this 20th day of January, 2016.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE